r    ,

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUL 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOEL VILLARREAL | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. _____ |
| | * | |
| C&J PEST MANAGEMENT, INC., | * | |
| D/B/A ORKIN PEST CONTROL and | * | |
| ORKIN EXTERMINATING | * | |
| COMPANY, INC. | * | |

B-04-112

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW C & J PEST MANAGEMENT, INC. d/b/a ORKIN PEST CONTROL and ORKIN, INC. (incorrectly named as "Orkin Exterminating Company, Inc." in Plaintiff's First Amended Original Petition), Defendants in the above entitled and numbered cause, and file this Notice of Removal of the present cause from the 138th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.      This cause was commenced in the 138th Judicial District Court, Cameron County, Texas, on October 1, 2003, when Plaintiff's Original Petition was filed in Cause Number 2003-10-004893-B. A copy of Plaintiff's Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal. Plaintiff did not obtain service on the only named defendant, C & J Pest Management, Inc. d/b/a Orkin Pest Control, and the State Court dismissed this cause for want of prosecution on April 30, 2004. On May 3, 2004 Plaintiff filed a motion to reinstate this cause, which was granted by the Court on June 10, 2004. On May 18, 2004, Plaintiff filed his First

Amended Original Petition, naming Orkin Exterminating Company, Inc. (now known as Orkin, Inc.) as a defendant.

2.      Defendant Orkin, Inc. was served with a copy of the Plaintiff's First Amended Original Petition through its registered agent, CT Corporation System, on June 4, 2004. A copy of the Citation served on Defendant indicating date of service is attached hereto and incorporated herein for all purposes.   Defendant C & J Pest Management, Inc. has not been served with a copy of either Plaintiff's Original Petition or Plaintiff's First Amended Original Petition.

3.      This is a civil action for injuries and damages allegedly sustained by Plaintiff arising out of his employment with Orkin Exterminating Company, Inc. (now known as Orkin, Inc.) and his resignation from that employment.   Plaintiff alleges causes of action against Defendants for national origin discrimination and retaliation in violation of the Texas Commission on Human Rights Act, and intentional infliction of emotional distress, and seeks damages for lost earnings, diminished earning capacity, mental anguish, attorney's fees, and exemplary damages.

4.      Plaintiff alleges in Plaintiff's First Amended Original Petition that he is a resident of Hidalgo County, Texas.  Plaintiff is therefore a citizen of Texas.

5.      Defendant Orkin, Inc. is a foreign corporation, duly incorporated in the State of Delaware, with its principal place of business in Georgia.

6.      The defendant in this matter who is not diverse from the named plaintiff is C & J Pest Management, Inc., a Texas corporation, with its principal place of business in Texas.  However, Plaintiff's inclusion of C & J Pest Management, Inc. cannot defeat diversity because it was fraudulently joined.  It is a familiar proposition in the Fifth Circuit, as elsewhere, that fraudulently joined defendants – defendants against whom relief is not seriously sought – must be ignored in assessing whether the "complete

diversity" requirement of federal diversity jurisdiction is met. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in determining propriety of removal); *Arzehgar v. Dixon*, 150 F.R.D. 92, 94 (S.D. Tex. 1993) (same).

7.    The term "fraudulent joinder" is actually a misnomer because this jurisdictional doctrine does not generally require proof of fraud. *See, e.g., Burden*, 60 F.3d at 217. Rather, to establish that joinder is "fraudulent," a defendant must show that plaintiff cannot establish the alleged cause of action against the in-state defendant. *Id.* at 216.

8.    Plaintiff was employed by Orkin Exterminating Company, Inc. (now known as Orkin, Inc.) from December 18, 2000 through the date of his resignation on August 12, 2002. Defendants would show the Court that C & J Pest Management, Inc. was incorporated more than three months thereafter on November 25, 2002 (see Certificate of Incorporation and Articles of Incorporation of C & J Pest Management, Inc. attached hereto). Thus, C & J Pest Management was not even in existence at the time of Plaintiff's resignation in August 2002, and as a matter of law, Plaintiff cannot establish a cause of action against the in-state defendant in the case at bar.

9.    Therefore, despite Plaintiff's inclusion of an in-state resident as an ostensible defendant for the clear and sole purpose of defeating diversity jurisdiction, there is complete diversity in this case under 28 U.S.C. §1332(a). *Cf. Grassi v. CIBA-GEIGY, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990) (the need for diversity jurisdiction "may well be greatest when the plaintiff tries hardest to defeat it") (citation omitted).

10.    For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

11.    Defendants would further show the Court that Plaintiff's First Amended Original Petition seeks unspecified damages; however, based on the allegations and damages alleged in Plaintiff's pleadings, Plaintiff is seeking to recover from Defendants damages in excess of $75,000.00. Defendant would show the Court that Plaintiff's First Amended Original Petition alleges that he has sustained a loss of earnings which "will in all reasonable probability continue long into the future, if not for the balance of plaintiff's natural life" and seeks damages for lost earnings "in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity." Plaintiff also alleges in his live petition that he has sustained a loss of retirement and medical plans, fringe benefits, and "other valuable job rights for which he hereby sues." Additionally, Plaintiff alleges that he has suffered bodily injury and physical and mental pain and anguish, and that he will continue to suffer such injury, pain and anguish "for a long time into the future." Plaintiff also seeks attorney's fees and punitive damages. Defendant would show that the damages sought by Plaintiff as stated in his First Amended Original Petition far exceed the minimum jurisdictional amount of this Court.

12.    Upon filing of this Notice of Removal of this cause, written notice of the filing by Defendants to Plaintiff and his counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

13.    This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of Plaintiff's First Amended

Original Petition on the first served Defendant and within one year of the initial filing of the lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendants pray for removal of the above entitled and numbered cause from the 138th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
　　Teri L. Danish  w/ permission
　　State Bar No. 05375320  MCBatall
　　Southern District Admissions No. 12862  SBOT 04631 4 9
　　1201 East Van Buren
　　Post Office Box 2155
　　Brownsville, Texas 78522
　　(956) 542-7441
　　Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
C&J PEST MANAGEMENT, INC. d/b/a
ORKIN PEST CONTROL and ORKIN, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Miguel Salinas
> Law Office of Miguel Salinas
> 803 Old Port Isabel Road
> Brownsville, Texas 78521
> Attorney for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Federal Rules of Civil Procedure on this the 2nd day of July, 2004.

Teri L. Danish

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Gwyn Shea
Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF INCORPORATION
## OF

## C & J PEST MANAGEMENT, INC.
### Filing Number: 800146145

The undersigned, as Secretary of State of Texas, hereby certifies that Articles of Incorporation for the above named corporation have been received in this office and have been found to conform to law.

Accordingly, the undersigned, as Secretary of State, and by virtue of the authority vested in the Secretary by law, hereby issues this Certificate of Incorporation.

Issuance of this Certificate of Incorporation does not authorize the use of a name in this state in violation of the rights of another under the federal Trademark Act of 1946, the Texas trademark law, the Assumed Business or Professional Name Act, or the common law.

Dated: 11/25/2002

Effective: 11/25/2002



*Gwyn Shea*

Gwyn Shea
Secretary of State

Come visit us on the internet at http://www.sos.state.tx.us/

PHONE(512) 463-5555                    FAX(512) 463-5709                    TTY7-1-1
Prepared by: Jean Marchione

# ARTICLES OF INCORPORATION
## OF
# C & J PEST MANAGEMENT, INC.

**FILED**
In the Office of the
Secretary of State of Texas

**NOV 25 2002**

Corporations Section

### ARTICLE ONE

The name of the corporation is C & J PEST MANAGEMENT, INC.

### ARTICLE TWO

The period of duration is perpetual.

### ARTICLE THREE

The purpose or purposes for which the corporation is organized is the transaction of any or all lawful business for which corporations may be incorporated under the Texas Business Corporation Act, but not including banking powers, and provided further, that the corporation shall do nothing prohibited by any article of the Revised Civil Statutes of the State of Texas.

### ARTICLE FOUR

The aggregate number of shares which the corporation shall have authority to issue is 1,000,000 shares of common stock with par value of $1.00 per share.

### ARTICLE FIVE

The corporation will not commence business until it has received for the issuance of its shares consideration of the value of $1,000.00 consisting of money, labor done, or property actually received.

### ARTICLE SIX

The street address of its initial registered office is 390 Park Street, Beaumont, Jefferson County, Texas 77701, and the name of its initial registered agent at such address is Kerwin B. Stone.

### ARTICLE SEVEN

The number of directors constituting the initial Board of Directors is one (1) and the name and address of the person who is to serve as director until the first annual meeting of the shareholders or until his successor is elected and qualified is:

Curtis E. Berry
c/o Kerwin B. Stone
MOORE LANDREY, L.L.P.
390 Park Street, Suite 500
Beaumont, Jefferson County, Texas 77701



Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Gwyn Shea
Secretary of State

# Office of the Secretary of State

January 22, 2003

MOORE LANDREY, L.L.P.
390 Park Street, Suite 500
Beaumont, TX 77701 USA

RE: C & J PEST MANAGEMENT, INC.
File Number: 800146145

ASSUMED NAME:
Orkin Pest Control

FILE DATE: 01/21/2003

The assumed name certificate for the referenced entity has been filed in this office. This letter may be used as evidence of the filing and payment of the filing fee.

In addition to filing with the Secretary of State, Chapter 36 of the Texas Business and Commerce Code requires filing of the assumed name certificate with the county clerk in the counties in which the registered office and the principal office of the entity are located.

If we can be of further service at any time, please let us know.

Sincerely,


Corporations Section
Statutory Filings Division


Enclosure

RUN DATE 07/01/04
RUN TIME 8:59 AM

PAGE: 01

2003-10-004893-B

* * * C L E R K ' S   E N T R I E S * * * *

JOEL VILLARREAL

VS

C & J PEST MANAGEMENT, INC.

00594401
MIGUEL SALINAS
803 OLD PORT ISABEL ROAD
BROWNSVILLE, TX.                78521 0000

00001418
TERI L. DANISH
P.O. BOX 2155
BROWNSVILLE, TX.               78522 2155

(10)                           MOTION TO REINSTATE              10     01     03

| Date | Entry | |
|---|---|---|
| 10/01/03 | ORIGINAL PETITION FILED | |
| 10/01/03 | CITATION (CM): C & J PEST MANAGEMENT, INC. | FILED: 10/17/03 |
| 10/01/03 | SERVED: UNSERVED | |
| 10/01/03 | JURY FEE: Pd. by MIGUEL SALINAS | |
| 03/29/04 | DROP DOCKET NOTICES MAILED | |
| 05/03/04 | MOTION TO REINSTATE: JOEL VILLARREAL (RMOCHOA) | |
| 05/03/04 | PLF'S MOTION TO REINSTATE (RMOCHOA) | |
| 05/03/04 | PLF'S MOTION FOR TRIAL SETTING (RMOCHOA) | |
| 05/18/04 | PLF'S FIRST AMENDED ORIGINAL PETITION (RMOCHOA) | |
| 05/24/04 | REQUEST/COVER LETTER DTD 5/10/04 (RMOCHOA) | |
| 06/01/04 | CITATION (CM): ORKIN EXTERMINATING, CO., INC. | |
| 06/01/04 | SERVED: 06/04/04      FILED: 06/14/04 | |
| 06/25/04 | ORIGINAL ANSWER: C & J PEST MANAGEMENT, INC. | |

03/29/04   PASS TO DROP DOCKET
04/30/04   DISMISSED FOR WANT OF PROSECUTION    RGARZA
05/14/04   HEARING ON PLF'S MOTION TO REINSTATE IS SET FOR JUNE 10, 2004
05/14/04   AT 9:00 A.M., AS PER ORDER SIGNED. RGARZA/RMOCHOA
06/10/04   REINSTATEMENT GRANTED; STATUS CONFERENCE SET FOR AUGUST 19,
06/10/04   2004 AT 9:00 A.M. ORDER TO BE SUBMITTED. RGARZA/CAP

CAUSE NO. *2003-10-4893-b*

| | | |
|---|---|---|
| JOEL VILLARREAL | * | THE *138* DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| C&J PEST MANAGEMENT, INC., | * | |
| D/B/A ORKIN PEST CONTROL | * | CAMERON COUNTY, TEXAS |

FILED 3:45 O'CLOCK P

OCT 0 1 2003

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JOEL VILLARREAL**, hereinafter referred to as Plaintiff complaining of **C&J PEST MANAGEMENT, INC., D/B/A ORKIN PEST CONTROL** hereinafter called by name or as defendant, and for such cause of action, would respectfully show unto the Court as follows:

I.

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

II.
### PARTIES

Plaintiff, **JOEL VILLARREAL**, resides in Elsa, Hidalgo County, Texas, and was employed with defendant's Harlingen, Cameron County, Texas office.

Defendant, **C&J PEST MANAGEMENT, INC., D/B/A ORKIN PEST CONTROL**, is a domestic corporation formed under the laws of the State of Texas and can be served with process through its registered agent for service, Kerwin B. Stone, 398 Park Street, Beaumont, Texas 77701.

Service of Citation is requested via; **Certified Mail, Return Receipt Requested.**

Venue is proper in Cameron County, Texas in that the incidents that form the basis of this cause of action occurred in Cameron County, Texas.

**SCANNED**
OCT 2 2 2003

## III.
## FACTUAL ALLEGATIONS

Plaintiff Joel Villarreal a male of Hispanic descent, began working for the defendant corporation in 2000 as a commercial sales person. During his tenure with the company, plaintiff performed his duties with loyalty, dedication and hard work. As a result of plaintiff's effort, he was one of the top salesperson in his region.

Plaintiff's work environment changed when an Anglo male was named plaintiff's supervisor. The new manager did his best to undermine plaintiff and his continued employment with the company. Specifically, the manager would override plaintiff's sale and reject the new business he would develop. He also, criticized plaintiff to potential clients and did his best to make sure the business went elsewhere. In addition, he threatened to fire the plaintiff and started a vicious rumor that the married plaintiff was having an affair with a female co-worker.

Mr. Villarreal was so upset about the treatment he received from the manager that he complained to management and told them he felt the manager was discriminating against him because of his national origin. In response, the company wrote plaintiff up and told him his attitude was effecting his ability to do his job. He was also told he should resign or expect to be fired. Finally, the company conducted an investigation on the rumors started by plaintiff's manager and determined they were false. The female co-worker was given a written apology for the rumor. Plaintiff on the other hand was never told anything and the manager that started the rumor was never disciplined for his role in starting the rumor.

As a result of this treatment, plaintiff felt he was given no choice and was forced to resign from the company.

## IV.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, plaintiff filed his initial complaint with the Texas Commission on Human Rights, alleging that the defendants had committed an unlawful employment practice against the plaintiff in violation of the Texas commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing him to file a lawsuit within sixty days of its receipt. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
## TEXAS COMMISSION ON HUMAN RIGHTS
## NATIONAL ORIGIN DISCRIMINATION

Plaintiff, **JOEL VILLARREAL,** is a Hispanic individual of Mexican descent. As such, he falls within a protected class under the Texas Commission on Human Rights



SCANNED
APT 9 9 3009

Act.

The Defendants, are employers with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the Defendants complained of constituted unlawful discrimination on the basis of Plaintiff's Race/National Origin.

The Defendants, its agents, servants, and employees improperly permitted such discriminatory conduct to take place. The Defendants, its servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct.

As a result of Defendant's unlawful conduct the Plaintiff has suffered the damages listed below.

## VI.
## TEXAS COMMISSION ON HUMAN RIGHTS ACT RETALIATION

Plaintiff asserts a cause of action against defendant, for retaliation in violation of section 21.055 of the Texas Commission on Human Rights Act which reads as follows:

§21.055 Retaliation
An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:

1. Opposes a discriminatory practice;
2. makes or files a charge;
3. files a complaint; or
4. testifies, assists, or participates in any manner in an investigation, proceeding or hearing.

Plaintiff asserts that he was wrongfully and illegally retaliated against following his filing a charge of discrimination, as well as his opposition and complaint of discrimination. As such he falls within the protection of the statute noted above and sues the defendant for its violation.

## VII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs assert that defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to plaintiff. Defendants' action caused plaintiff mental as well as physical pain. As a result of defendants' actions, plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court. Plaintiff sues the defendant as a result of such actions.

SCANNED
OCT 2 2 2003

## VIII.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, plaintiff has incurred damages in the following respects:

### Lost Earnings and Diminished Earning Capacity

At the time of the incident complained of, plaintiff was gainfully employed. As a proximate result of the wrongful acts of the defendants, plaintiff was unable to attend to his occupation and thereby suffered a loss of income, loss of retirement and medical plans, fringe benefits and other valuable job rights for which he hereby sues.

Plaintiff's loss of earnings will in all reasonable probability continue long into the future, if not for the balance of plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Mental Anguish

As a result of the incidents described above, that made the basis of this suit, plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future.

### Attorneys Fees

By reason of the allegations of this petition and the Texas Commission on Human Rights Act, plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist plaintiff in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Texas Commission on Human Rights Act.

## IX.
## EXEMPLARY DAMAGES

The conduct of the defendants and their agents, set out above, were carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the plaintiff. The plaintiff will further show that the conduct of the defendant was a pattern and practice of discriminatory conduct towards in~ividuals similarly situated. Plaintiff is hereby entitled

SCANNED
OCT 2 2 2003

to recover exemplary damages to deter such cruel and undignified procedures by the defendants and defendants' management in the future. In this connection, plaintiff will show that his treatment by the Defendants caused her suffering of immeasurable dimensions. Accordingly, plaintiff requests that exemplary damages be awarded against the defendants and the defendants' corporations, in an amount which exceeds the minimum jurisdictional requirements of this Court.

Plaintiff requests a trial by a jury of his peers.

**WHEREFORE PREMISES CONSIDERED,** plaintiff prays that this Honorable Court grant the following:

a).    Judgment against defendant, for plaintiff's damages;
b).    Punitive Damages;
c).    Prejudgment interest as allowed by law;
d).    Attorney, expert and litigation fees and expenses;
e).    Interest on said judgment at the legal rate from date of judgment;
f).    For costs of suit herein; and
g).    Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas   78521
(956) 550-1115   Telephone
(956) 550-1134   Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

**SCANNED**
OCT 2 2 2003

CAUSE NO. 2003-10-4893-B

| JOEL VILLARREAL | * | THE 138 DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| C&J PEST MANAGEMENT, INC., | * | |
| D/B/A ORKIN PEST CONTROL | * | CAMERON COUNTY, TEXAS |

FILED 3:45 O'CLOCK ___ M
AURORA DE LA GARZA, CLERK
OCT 01 2003
_____ Jessica Cullen

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JOEL VILLARREAL**, hereinafter referred to as Plaintiff complaining of **C&J PEST MANAGEMENT, INC., D/B/A ORKIN PEST CONTROL** hereinafter called by name or as defendant, and for such cause of action, would respectfully show unto the Court as follows:

I.

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

II.
## PARTIES

Plaintiff, **JOEL VILLARREAL**, resides in Elsa, Hidalgo County, Texas, and was employed with defendant's Harlingen, Cameron County, Texas office.

Defendant, **C&J PEST MANAGEMENT, INC., D/B/A ORKIN PEST CONTROL**, is a domestic corporation formed under the laws of the State of Texas and can be served with process through its registered agent for service, Kerwin B. Stone, 398 Park Street, Beaumont, Texas 77701.

Service of Citation is requested via; **Certified Mail, Return Receipt Requested.**

Venue is proper in Cameron County, Texas in that the incidents that form the basis of this cause of action occurred in Cameron County, Texas.

## SCANNED
OCT 06 2003

## III.
## FACTUAL ALLEGATIONS

Plaintiff Joel Villarreal a male of Hispanic descent, began working for the defendant corporation in 2000 as a commercial sales person.  During his tenure with the company, plaintiff performed his duties with loyalty, dedication and hard work.  As a result of plaintiff's effort, he was one of the top salesperson in his region.

Plaintiff's work environment changed when an Anglo male was named plaintiff's supervisor.  The new manager did his best to undermine plaintiff and his continued employment with the company.  Specifically, the manager would override plaintiff's sale and reject the new business he would develop.  He also, criticized plaintiff to potential clients and did his best to make sure the business went elsewhere.  In addition, he threatened to fire the plaintiff and started a vicious rumor that the married plaintiff was having an affair with a female co-worker.

Mr. Villarreal was so upset about the treatment he received from the manager that he complained to management and told them he felt the manager was discriminating against him because of his national origin.  In response, the company wrote plaintiff up and told him his attitude was effecting his ability to do his job.  He was also told he should resign or expect to be fired.  Finally, the company conducted an investigation on the rumors started by plaintiff's manager and determined they were false.  The female co-worker was given a written apology for the rumor. Plaintiff on the other hand was never told anything and the manager that started the rumor was never disciplined for his role in starting the rumor.

As a result of this treatment, plaintiff felt he was given no choice and was forced to resign from the company.

## IV.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, plaintiff filed his initial complaint with the Texas Commission on Human Rights, alleging that the defendants had committed an unlawful employment practice against the plaintiff in violation of the Texas commission on Human Rights Act.  Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing him to file a lawsuit within sixty days of its receipt.  All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
## TEXAS COMMISSION ON HUMAN RIGHTS
## NATIONAL ORIGIN DISCRIMINATION

Plaintiff, **JOEL VILLARREAL,** is a Hispanic individual of Mexican descent. As such, he falls within a protected class under the Texas Commission on Human Rights

**SCANNED**

OCT 0 6 2003

Act.

The Defendants, are employers with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the Defendants complained of constituted unlawful discrimination on the basis of Plaintiff's Race/National Origin.

The Defendants, its agents, servants, and employees improperly permitted such discriminatory conduct to take place. The Defendants, its servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct.

As a result of Defendant's unlawful conduct the Plaintiff has suffered the damages listed below.

## VI.
## TEXAS COMMISSION ON HUMAN RIGHTS ACT
## RETALIATION

Plaintiff asserts a cause of action against defendant, for retaliation in violation of section 21.055 of the Texas Commission on Human Rights Act which reads as follows:

§21.055 Retaliation
An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:

1. Opposes a discriminatory practice;
2. makes or files a charge;
3. files a complaint; or
4. testifies, assists, or participates in any manner in an investigation, proceeding or hearing.

Plaintiff asserts that he was wrongfully and illegally retaliated against following his filing a charge of discrimination, as well as his opposition and complaint of discrimination. As such he falls within the protection of the statute noted above and sues the defendant for its violation.

## VII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs assert that defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to plaintiff. Defendants' action caused plaintiff mental as well as physical pain. As a result of defendants' actions, plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court. Plaintiff sues the defendant as a result of such actions.

## SCANNED
OCT 0 6 2003

## VIII.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, plaintiff has incurred damages in the following respects:

### Lost Earnings and Diminished Earning Capacity

At the time of the incident complained of, plaintiff was gainfully employed. As a proximate result of the wrongful acts of the defendants, plaintiff was unable to attend to his occupation and thereby suffered a loss of income, loss of retirement and medical plans, fringe benefits and other valuable job rights for which he hereby sues.

Plaintiff's loss of earnings will in all reasonable probability continue long into the future, if not for the balance of plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Mental Anguish

As a result of the incidents described above, that made the basis of this suit, plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future.

### Attorneys Fees

By reason of the allegations of this petition and the Texas Commission on Human Rights Act, plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist plaintiff in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of·this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Texas Commission on Human Rights Act.

## IX.
## EXEMPLARY DAMAGES

The conduct of the defendants and their agents, set out above, were carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the plaintiff. The plaintiff will further show that the conduct of the defendant was a pattern and practice of discriminatory conduct towards individuals similarly situated. Plaintiff is hereby entitled

SCANNED

OCT 0 6 2003

to recover exemplary damages to deter such cruel and undignified procedures by the defendants and defendants' management in the future. In this connection, plaintiff will show that his treatment by the Defendants caused her suffering of immeasurable dimensions. Accordingly, plaintiff requests that exemplary damages be awarded against the defendants and the defendants' corporations, in an amount which exceeds the minimum jurisdictional requirements of this Court.

Plaintiff requests a trial by a jury of his peers.

**WHEREFORE PREMISES CONSIDERED,** plaintiff prays that this Honorable Court grant the following:

a). Judgment against defendant, for plaintiff's damages;
b). Punitive Damages;
c). Prejudgment interest as allowed by law;
d). Attorney, expert and litigation fees and expenses;
e). Interest on said judgment at the legal rate from date of judgment;
f). For costs of suit herein; and
g). Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas  78521
(956) 550-1115  Telephone
(956) 550-1134  Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

SCANNED

OCT 0 6 2003

Citation for Personal Service - b. CERTIFIED MAIL   Lit. Seq. # 5. J2.01

No. <u>2003-10-004893-B</u>

*ORIGINAL*

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>C & J PEST MANAGEMENT, INC.</u>
    <u>SERVING ITS REGISTERED AGENT</u>
    <u>KERWIN B. STONE</u>
    <u>398 PARK STREET</u>
    <u>BEAUMONT, TEXAS 77701</u>

the _____<u>DEFENDANT</u>_____, GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>138th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____<u>PETITION</u>_____ was filed on <u>OCTOBER 01, 2003</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2003-10-004893-B</u>.

The style of the case is:

JOEL VILLARREAL<br>
VS.<br>
C & J PEST MANAGEMENT, INC.

Said petition was filed in said court by _____<u>MIGUEL SALINAS</u>_____ (Attorney for _____<u>PLAINTIFF</u>_____), whose address is <u>803 OLD PORT ISABEL ROAD BROWNSVILLE, TX. 78521</u>.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>1st</u> day of <u>OCTOBER</u>, A.D. <u>2003</u>.

<u>AURORA DE LA GARZA</u>, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78520

By: _____ Deputy

SCANNED
OCT 0 6 2003

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.502.01

No. 2003-10-004893-B

T H E    S T A T E    O F    T E X A S

COPY

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: C & J PEST MANAGEMENT, INC.
    SERVING ITS REGISTERED AGENT
    KERWIN B. STONE
    398 PARK STREET
    BEAUMONT, TEXAS 77701

the        DEFENDANT       , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said        PETITION        was filed on  OCTOBER 01, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-004893-B.

The style of the case is:

            JOEL VILLARREAL
                 VS.
        C & J PEST MANAGEMENT, INC.

Said petition was filed in said court by            MIGUEL SALINAS
(Attorney for           PLAINTIFF            ), whose address is
803 OLD PORT ISABEL ROAD BROWNSVILLE, TX. 78521                          .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 1st day of OCTOBER , A.D. 2003.

                    AURORA DE LA GARZA , DISTRICT CLERK
                 Cameron County, Texas
                 974 E. Harrison St.
                 Brownsville, Texas 78521

                 By: _____ Deputy

SCANNED
OCT 2 2 2003

neron County District Courts
974 E. Harrison
Brownsville, Texas 78520

nza / District Clerk

**RTS**NO  SUCH  NUMBER

₹ 0.37 ₹
U.S. POSTAGE

C&J PEST MANAGEMENT INC
KERWIN B STONE
398 PARK STREET
BEAUMONT,TX 77701

77701 78520/7123



7002 2410 0000 9582 0785

Cause No. 2003-10-004893-B

| | |
|---|---|
| JOEL VILLARREAL | In the District Court of |
| VS. | Cameron County, Texas |
| C & J PEST MANAGEMENT, INC. | 138th Judicial District |

### DROP DOCKET NOTICE

Notice is hereby given, pursuant to RULE 1.20 of the Revised Local Rules of Civil Procedure, that the above styled and numbered cause has been placed on the Drop Docket.

The above cause will be dismissed if not reinstated by the Court within 30 days.  All motions for reinstatement must contain a motion and proposed order setting hearing to set case for trial.

AURORA DE LA GARZA
DISTRICT CLERK

By: _Rosa Maria DeHoa_ Deputy

Date: 03/29/04
Copies sent to:

MIGUEL SALINAS
C & J PEST MANAGEMENT, INC.

**SCANNED**

APR 0 5 2004

Cause No. 2003-10-004893-B

JOEL VILLARREAL                          IN THE 138th

VS.                                      DISTRICT COURT OF

C & J PEST MANAGEMENT, INC.              CAMERON COUNTY, TEXAS


ORDER OF DISMISSAL FOR WANT OF PROSECUTION


In accordance with previous notice, and as provided in rule 165a of the
Texas Rules of Civil Procedure and Rule 1.20 of the Local Rules of Civil
Procedure, the above entitled and numbered cause is hereby dismissed for
want of prosecution.

Signed for entry this 30th day of APRIL , 2004.


-------------------------------
                Judge Presiding


Date 04/30/04
Copies sent to:

MIGUEL SALINAS
C & J PEST MANAGEMENT, INC. (Not a good address)


FILED _3:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

APR 3 0 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS

Rosa Maria Ochoa

FILED ____ O'CLOCK ___ M
AURORA DE LA GARZA, CLERK

MAY 03 2004

DISTRICT CLERK, CAMERON COUNTY, TEXAS
_____ DEPUTY

## CAUSE NO. 2003-10-004893-B

| | | |
|---|---|---|
| JOEL VILLARREAL | § | THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| C&J PEST MANAGEMENT, INC. | § | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S MOTION TO REINSTATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JOEL VILLARREAL**, Plaintiff in the above styled and numbered cause, and files this his Motion to Reinstate and in support would show the Court as follows:

1.  The Court has given notice of its intent to dismiss this case for want of prosecution.

2.  Contemporaneous with this Motion, the plaintiff has filed a proposed order setting this case for trial. The Plaintiff is ready to proceed to trial at the earliest convenience of the Court.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that the Court set this motion for hearing and after considering the motion reinstate and set the case for trial.



SCANNED
MAY 2 0 2004

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Road
Brownsville, Texas   78521
(956) 550-1115 Telephone
(956) 550-1134 Telefax

By: _____
      MIGUEL SALINAS
      State Bar No. 17534750

ATTORNEY FOR PLAINTIFF
JOEL VILLARREAL

SCANNED

MAY 2 0 2004

## CAUSE NO. 2003-10-004893-B

| | | |
|---|---|---|
| JOEL VILLARREAL | § | THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| C&J PEST MANAGEMENT, INC. | § | CAMERON COUNTY, TEXAS |

### MOTION FOR TRIAL SETTING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOEL VILLARREAL, PLAINTIFF in the above-styled and numbered cause, and files this his Motion for Trial Setting, and respectfully moves this Court to set a date for trial on the merits.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Road
Brownsville, Texas 78521
(956) 550-1115 Telephone
(956) 550-1134 Telefax

By: _____
      MIGUEL SALINAS
      State Bar No. 17534750

ATTORNEY FOR PLAINTIFF
JOEL VILLARREAL

FILED 4:00 O'CLOCK P M
AURORA DE LA GARZA, CLERK
MAY 0 3 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

SCANNED
MAY 2 0 2004

CAUSE NO. 2003-10-004893-B

| | | |
|---|---|---|
| JOEL VILLARREAL | § | THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| C&J PEST MANAGEMENT, INC. | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING
## TO SET CAUSE FOR TRIAL

The Hearing on Motion To ~~Set Cause For Trial~~ *REINSTATE* has been set for _2:00_ o'clock

_A_.M. on the _10th_ day of _June_, 200_4_, in the

_138th_ ~~107th~~ District Court of Cameron County, Texas.

The Clerk of this Court is instructed to inform all counsel of record of same.

_Signed May 14, 2004_

_____
JUDGE PRESIDING

Copies to: **MAY 1 9 2004**

Hon. Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Rd.
Brownsville, Texas 78521


C&J Pest Management,Inc.(Not good address)


FILED _4:30_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK
MAY 1 4 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Rosa Maria_ DEPUTY

SCANNED
MAY 2 0 2004

CAUSE NO. 2003-10-004893-B

> FILED _____ O'CLOCK ___ M
> AURORA DE LA GARZA DIST. CLERK
> DISTRICT _____ TEXAS
>                          DEPUTY

| | | |
|---|---|---|
| JOEL VILLARREAL | * | THE 138th DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| C&J PEST MANAGEMENT, INC., | * | |
| D/B/A ORKIN PEST CONTROL AND | * | |
| ORKIN EXTERMINATING, CO., INC. | * | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JOEL VILLARREAL**, hereinafter referred to as Plaintiff complaining of **C&J PEST MANAGEMENT, INC., D/B/A ORKIN PEST CONTROL AND ORKIN EXTERMINATING, CO., INC.,** hereinafter called by name or as defendants, and for such cause of action, would respectfully show unto the Court as follows:

I.

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

II.
## PARTIES

Plaintiff, **JOEL VILLARREAL**, resides in Elsa, Hidalgo County, Texas, and was employed with defendant's Harlingen, Cameron County, Texas office.

Defendant, **C&J PEST MANAGEMENT, INC., D/B/A ORKIN PEST CONTROL,** is a domestic corporation formed under the laws of the State of Texas. This defendant has been properly served and failed to answer. Service of Citation is not required at this time.

Defendant **ORKIN EXTERMINATING, CO., INC.,** is a foreign corporation duly licensed to do business in Texas and may be served with process through its registered agent for service:

Prentice Hall Corporation System,
701 Brazos, Street, Suite 1050,
Austin, Texas 78701

Service of Citation is requested via; **Certified Mail, Return Receipt Requested.**

## SCANNED
### JUN 0 1 2004

Venue is proper in Cameron County, Texas in that the incidents that form the basis of this cause of action occurred in Cameron County, Texas.

## III.
## FACTUAL ALLEGATIONS

Plaintiff Joel Villarreal a male of Hispanic descent, began working for the defendant corporation in 2000 as a commercial sales person. During his tenure with the company, plaintiff performed his duties with loyalty, dedication and hard work. As a result of plaintiff's effort, he was one of the top salesperson in his region.

Plaintiff's work environment changed when an Anglo male was named plaintiff's supervisor. The new manager did his best to undermine plaintiff and his continued employment with the company. Specifically, the manager would override plaintiff's sale and reject the new business he would develop. He also, criticized plaintiff to potential clients and did his best to make sure the business went elsewhere. In addition, he threatened to fire the plaintiff and started a vicious rumor that the married plaintiff was having an affair with a female co-worker.

Mr. Villarreal was so upset about the treatment he received from the manager that he complained to management and told them he felt the manager was discriminating against him because of his national origin. In response, the company wrote plaintiff up and told him his attitude was effecting his ability to do his job. He was also told he should resign or expect to be fired. Finally, the company conducted an investigation on the rumors started by plaintiff's manager and determined they were false. The female co-worker was given a written apology for the rumor. Plaintiff on the other hand was never told anything and the manager that started the rumor was never disciplined for his role in starting the rumor.

As a result of this treatment, plaintiff felt he was given no choice and was forced to resign from the company.

## IV.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, plaintiff filed his initial complaint with the Texas Commission on Human Rights, alleging that the defendants had committed an unlawful employment practice against the plaintiff in violation of the Texas commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing him to file a lawsuit within sixty days of its receipt. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

**SCANNED**

**JUN 0 1 2004**

## V.
## TEXAS COMMISSION ON HUMAN RIGHTS
## NATIONAL ORIGIN DISCRIMINATION

Plaintiff, **JOEL VILLARREAL**, is a Hispanic individual of Mexican descent. As such, he falls within a protected class under the Texas Commission on Human Rights Act.

The Defendants, are employers with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the Defendants complained of constituted unlawful discrimination on the basis of Plaintiff's Race/National Origin.

The Defendants, its agents, servants, and employees improperly permitted such discriminatory conduct to take place. The Defendants, its servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct.

As a result of Defendant's unlawful conduct the Plaintiff has suffered the damages listed below.

## VI.
## TEXAS COMMISSION ON HUMAN RIGHTS ACT
## RETALIATION

Plaintiff asserts a cause of action against defendant, for retaliation in violation of section 21.055 of the Texas Commission on Human Rights Act which reads as follows:

§21.055 Retaliation
An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:

1. Opposes a discriminatory practice;
2. makes or files a charge;
3. files a complaint; or
4. testifies, assists, or participates in any manner in an investigation, proceeding or hearing.

Plaintiff asserts that he was wrongfully and illegally retaliated against following his filing a charge of discrimination, as well as his opposition and complaint of discrimination. As such he falls within the protection of the statute noted above and sues the defendant for its violation.

## VII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

SCANNED

JUN 0 1 2004

Plaintiffs assert that defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to plaintiff. Defendants' action caused plaintiff mental as well as physical pain. As a result of defendants' actions, plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court. Plaintiff sues the defendant as a result of such actions.

## VIII.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, plaintiff has incurred damages in the following respects:

### Lost Earnings and Diminished Earning Capacity

At the time of the incident complained of, plaintiff was gainfully employed. As a proximate result of the wrongful acts of the defendants, plaintiff was unable to attend to his occupation and thereby suffered a loss of income, loss of retirement and medical plans, fringe benefits and other valuable job rights for which he hereby sues.

Plaintiff's loss of earnings will in all reasonable probability continue long into the future, if not for the balance of plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Mental Anguish

As a result of the incidents described above, that made the basis of this suit, plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future.

### Attorneys Fees

By reason of the allegations of this petition and the Texas Commission on Human Rights Act, plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist plaintiff in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Texas Commission on Human Rights Act.

SCANNED

JUN 0 1 2004

IX.
## EXEMPLARY DAMAGES

The conduct of the defendants and their agents, set out above, were carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the plaintiff. The plaintiff will further show that the conduct of the defendant was a pattern and practice of discriminatory conduct towards individuals similarly situated. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the defendants and defendants' management in the future. In this connection, plaintiff will show that his treatment by the Defendants caused her suffering of immeasurable dimensions. Accordingly, plaintiff requests that exemplary damages be awarded against the defendants and the defendants' corporations, in an amount which exceeds the minimum jurisdictional requirements of this Court.

Plaintiff requests a trial by a jury of his peers.

**WHEREFORE PREMISES CONSIDERED,** plaintiff prays that this Honorable Court grant the following:

a). Judgment against defendant, for plaintiff's damages;
b). Punitive Damages;
c). Prejudgment interest as allowed by law;
d). Attorney, expert and litigation fees and expenses;
e). Interest on said judgment at the legal rate from date of judgment;
f). For costs of suit herein; and
g). Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas 78521
(956) 550-1115  Telephone
(956) 550-1134  Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

**SCANNED**
JUN 0 1 2004

Citation for Personal Service  - by CERTIFIED MAIL    Lit. Seq. # 5.003.01

ORIGINAL

No. 2003-10-004893-B

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ORKIN EXTERMINATING, CO., INC.
    SERVING ITS REGISTERED AGENT
    PRENTICE HALL CORP., SYSTEM
    701 BRAZOS STREET, SUITE 1050
    AUSTIN, TEXAS 78701

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said FIRST AMENDED PETITION  was filed on     MAY 18, 2004   . A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-004893-B.

The style of the case is:

JOEL VILLARREAL
VS.
C & J PEST MANAGEMENT, INC.

Said petition was filed in said court by _____ MIGUEL SALINAS _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
803 OLD PORT ISABEL ROAD BROWNSVILLE, TX.  78521                              .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 1st day of    JUNE   , A.D. 2004.

AURORA DE LA GARZA      , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: Rosa Maria Ochoa  Deputy
    Rosa Maria Ochoa

SCANNED
JUN 0 1 2004

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|

Rule 106 (a)(2): The citation shall be served by mailing it to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

| NAME OF PREPARER | TITLE |
|---|---|
| ADDRESS | |
| CITY | STATE | ZIP |

I hereby certify that on the __1st__ of

__JUNE____2004__,  I mailed to

__ORKIN EXTERMINATING, CO., INC.__

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __6147 3129__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: _Rosa Maria Ocha_ Deputy

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7059 3400 0014 6147 3129

| 2003-10-4893-B | 6/1/04 |
|---|---|

| Postage | $ | 1 CIT. |
|---|---|---|
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
ORKIN EXTERMINATING CO. INC.
Street, Apt. No.; or PO Box No.
701 BRAZOS STREET, SUITE 1050
City, State, ZIP+4
AUSTIN, TX. 78701

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly) \| B. Date of Delivery<br>C. Signature<br>X _Lorenzo Flores_  ☐ Agent  ☐ Addressee<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br>ORKIN EXTERMINATING CO., INC.<br>BY SERVING ITS REGISTERED AGENT<br>PRENTICE HALL CORP. SYSTEM<br>701 BRAZOS STREET, STE 1050<br>AUSTIN, TEXAS 78701 | |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Copy from service label)<br>6147 3129 | |
| PS Form 3811, July 1999    Domestic Return Receipt | 102595-99-M-1789 |

SCANNED
JUN 0 1 2004

tation for Personal Service  - BY CERTIFIED MAIL    Lit. Req - # 5.003.01



No. 2003-10-004893-B

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If u or your attorney do not file a written answer with the clerk who issued this tation by 10:00 a.m. on the Monday next following the expiration of twenty ys after you were served this citation and petition, a default judgment may be ken against you.

: ORKIN EXTERMINATING, CO., INC.
  SERVING ITS REGISTERED AGENT
  PRENTICE HALL CORP., SYSTEM
  701 BRAZOS STREET, SUITE 1050
  AUSTIN, TEXAS 78701

e      DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

AINTIFF'S FIRST AMENDED ORIGINAL PETITION

or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 ys after the date of service of this citation before the Honorable District urt 138th Judicial District of Cameron County, Texas at the Courthouse of said unty in Brownsville, Texas. Said FIRST AMENDED PETITION was filed on MAY 18, 2004  . A copy of same accompanies this citation.

e file number of said suit being No. 2003-10-004893-B.

e style of the case is:

JOEL VILLARREAL
VS.
C & J PEST MANAGEMENT, INC.

id petition was filed in said court by        MIGUEL SALINAS
ttorney for        PLAINTIFF        ), whose address is
3 OLD PORT ISABEL ROAD BROWNSVILLE, TX.  78521

The nature of the demand is fully shown by a true and correct copy of the tition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to quirements of law, and the mandates thereof, and make due return as the law rects.

Issued and given under my hand and seal of said Court at Brownsville, cas, this the 1st day of JUNE, A.D. 2004.

AURORA DE LA GARZA  , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: Rosa Maria Ochoa Deputy
Rosa Maria Ochoa

**ATTACH RETURN RECEIPTS WITH**
**ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2). The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the 1st of

JUNE    2001,  I mailed to

ORKIN EXTERMINATING, CO., INC.

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  6147 3129
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA    , District Clerk
Cameron County, Texas

By: _Rosa Maria Ocha_ Deputy



CAUSE NO. 2003-10-004893-B

| JOEL VILLAREAL | * | IN THE DISTRICT COURT |
|---|---|---|
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| C&J PEST MANAGEMENT, INC., | * | |
| D/B/A ORKIN PEST CONTROL AND | * | |
| ORKIN EXTERMINATING COMPANY, INC. | * | 138th JUDICIAL DISTRICT |

FILED
AURORA DE LA GARZA DIST. CLERK
JUN 2 5 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

**DEFENDANTS' ORIGINAL ANSWER IN RESPONSE TO
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, C&J Pest Management, Inc. d/b/a Orkin Pest Control and Orkin, Inc. (incorrectly named as "Orkin Exterminating Company, Inc." in Plaintiff's First Amended Original Petition), Defendants in the above entitled and numbered cause, and files this their Original Answer to Plaintiff's Original Petition, and in connection therewith would show unto the Court as follows:

I.

GENERAL DENIAL

Defendants herein avail themselves of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendants deny each and every, all and singular, material allegations contained in Plaintiff's live pleading, and states that these are matters that should be proven by Plaintiff as required by law.

II.

AFFIRATIVE DEFENSES

2.01    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that Plaintiff

has failed to state a claim of discrimination, harassment, retaliation or intentional infliction of emotional distress cognizable under governing law.

2.02    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that Plaintiff's Petition is barred by insufficiency of process and/or service of process.

2.03    Pursuant to Tex.R.Civ.Proc.93, Defendant C&J Pest Management, Inc. d/b/a Orkin Pest Control specifically denies that it is liable in the capacity in which it has been sued.

2.04    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that venue is improper as to Defendant C&J Pest Management, Inc. d/b/a Orkin Pest Control.

2.05    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff's claims are barred to the extent he failed to file his civil action within the applicable limitations period and/or failed to satisfy any and all conditions precedent or other statutory prerequisites under the Texas Commission on Human Rights Act or other applicable law.

2.06    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that that even if Plaintiff's national origin and/or alleged protected activity did play a motivating part in any employment action at issue here, which it did not, Defendant(s) would have taken the same action for legitimate, non-discriminatory and/or non-retaliatory reasons.

2.07    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively allege that

Plaintiff's claim for intentional infliction of emotional distress is pre-empted by the Texas Commission on Human Rights Act.

2.08  For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively allege that Plaintiff is not entitled to recover any damages for the cause of action set forth in Paragraph VII of Plaintiff's First Amended Original Petition entitled "Intentional Infliction of Emotional Distress" because Plaintiff has failed to plead or prove any conduct on the part of Defendant that is "extreme and outrageous" as required by the Texas Supreme Court in Wornick Co. v. Casas, 856 S.W.2d 732 (Tex. 1993).

2.09  For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that Plaintiff's claims are barred by the doctrines of avoidable consequences, estoppel, laches and waiver.

2.10  For further answer, if such be necessary, and pleading, in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that Defendants exercised reasonable care in preventing and promptly correctly any unlawfully harassing behavior in the workplace, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

2.11  For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that Plaintiff's claims are barred to the extent he failed to take reasonable measures to avoid any consequences alleged to have been caused by Defendant(s) and, thus, to the extent he suffered any damages, they were the direct and proximate result of his own actions or inaction.

2.12    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively allege that Plaintiff is not entitled to the relief requested or to any relief whatsoever; nevertheless, to the extent it is subsequently determined that Plaintiff is entitled to any relief, such relief is limited by the Texas Commission on Human Rights Act and/or other applicable law.

2.13    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively allege that Plaintiff is not entitled to the relief requested or to any relief whatsoever; nevertheless, to the extent it is subsequently determined that Plaintiff is entitled to any relief, Defendant Orkin, Inc. is entitled to a set-off to the same.

2.14    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that Plaintiff's claims are barred to the extent he suffered any damages, those damages were proximately caused by the acts or omissions of others for whom Defendants are not liable or other independent intervening cause that Defendants did not control or have the right to control.

2.15    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that Plaintiff's claims are barred, in whole or in part, because he failed to mitigate the effect of any alleged injuries and/or damages as required by law.

2.16    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless specifically plead the limitation of recovery of exemplary (or punitive) damages as set forth in Section 41.008 et seq. of the Texas Civil Practice and Remedies Code.

2.17   For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively denies that they are liable for exemplary (or punitive) damages and plead affirmatively the provisions of Chapter 41 of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

2.18   For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively allege that they are not vicariously liable for exemplary (or punitive) damages for any alleged discriminatory employment actions of its managerial agents that were contrary to its own good-faith efforts to comply with applicable law.

2.19   For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively state that an award of exemplary (or punitive) damages in this case would violate the procedural due process and other constitutional safeguards guaranteed by the Constitution of the United States, Texas Law, and the instructions given to the jury are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results.  Therefore, any award of exemplary (or punitive) damages should be disallowed, or otherwise declared null and void.

2.20   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiff is not entitled to exemplary (or punitive) damages as alleged, for the reason that exemplary (or punitive) damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including, but not limited to, the following provisions:

(a)   Proscription on Excessive Fines.  U. S. Constitution Amendment 9; Texas Constitution Article I, Section 13.

(b)   Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)   Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)   Proscription on Ex Post Facto and Retroactive Laws.  U.S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)   Such exemplary (or punitive) damages are penal in nature.  Under Texas law, they are not tied to any fair, just and reasonable relation to actual damages.  Consequently, exemplary (or punitive) damages violate the contract clause of the U. S. Constitution, Article I, Section 10.

2.21   For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless specifically deny that Plaintiff is entitled to attorney's fees.

2.22   For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless specifically deny that they are liable for prejudgment interest in this cause of action as pled by Plaintiff.

2.23   For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, affirmatively alleges that Plaintiff's claims against them and his alleged causes of action are unreasonable, frivolous and groundless, and Defendants are entitled to their reasonable attorney's fees and costs in defending this lawsuit.

2.24    For further answer, if such be necessary, and pleading in the alternative, Defendants, continuing to deny any and all liability, nonetheless affirmatively plead that Defendants reserve the right to assert any additional defenses as may be discovered during the course of this action pursuant to and in accordance with the <u>Texas Rules of Civil Procedure</u>.

## III.

## JURY DEMAND

Defendants hereby request a trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendants C&J Pest Management, Inc. d/b/a Orkin Pest Control and Defendant Orkin, Inc. (incorrectly named as "Orkin Exterminating Company, Inc.") pray that upon final trial and hearing hereof, they have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.


By: _Teri L. Danish_
    Teri L. Danish
    State Bar No. 05375320
    1201 East Van Buren
    Post Office Box 2155
    Brownsville, Texas 78522
    (956) 542-7441
    Fax (956) 541-2170

    ATTORNEYS FOR DEFENDANTS,
    C&J PEST MANAGEMENT, INC. d/b/a
    ORKIN PEST CONTROL and ORKIN, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Original Answer in Response to Plaintiff's First Amended Original Petition, was served upon all counsel of record, to-wit:

Mr. Miguel Salinas
Law Office of Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Rd.
Brownsville, Texas 78521

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 25th day of June, 2004.


Teri L. Danish

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUL 0 2 2004

Michael N. Milby
Clerk of Court

JOEL VILLARREAL                  *
                                 *
VS.                              *      CIVIL ACTION NO. _____
                                 *
C&J PEST MANAGEMENT, INC.,       *
D/B/A ORKIN PEST CONTROL and     *
ORKIN EXTERMINATING              *
COMPANY, INC.                    *

B-04-112

## INDEX OF ATTORNEYS

1.    Miguel Salinas
      State Bar No. 17534750
      LAW OFFICE OF MIGUEL SALINAS
      803 Old Port Isabel Road
      Brownsville, Texas 78521
      (956) 550-1115
      Fax (956) 550-1134
      Attorneys for Plaintiff

2.    Teri L. Danish
      State Bar No. 05375320
      Southern District Admissions No. 12862
      RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
      1201 East Van Buren (78521)
      Post Office Box 2155
      Brownsville, Texas 78522
      (956) 542-7441
      Fax (956) 541-2170
      Attorneys for Defendants

*INDEX OF ATTORNEYS*                                    *PAGE 1*

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUL 0 2 2004

Michael N. Milby
Clerk of Court

JOEL VILLARREAL                         *
                                        *
VS.                                     *        CIVIL ACTION NO. **B - 0 4 - 1 1 2**
                                        *
C&J PEST MANAGEMENT, INC.,              *
D/B/A ORKIN PEST CONTROL and            *
ORKIN EXTERMINATING                     *
COMPANY, INC.                           *

## INDEX OF DOCUMENTS FILED

1.    Civil Cover Sheet

2.    Notice of Removal with following attachments:

      a.    State Court's Docket Sheet
      b.    Plaintiff's Original Petition
      c.    Citation returned unserved for C&J Pest Management, Inc.
      d.    Drop Docket Notice
      e.    Order of Dismissal for Want of Prosecution
      f.    Plaintiff's Motion to Reinstate
      g.    Plaintiff's Motion for Trial Setting
      h.    Order Setting Hearing to Set Cause for Trial
      i.    Plaintiff's First Amended Original Petition
      j.    Citation served on Orkin Exterminating Company, Inc.
      k.    Defendants' Original Answer In Response to Plaintiff's First Amended
            Original Petition

3.    Notice to District Clerk of Filing of Notice of Removal

4.    Index of Attorneys

5.    Index of Documents Filed